UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES D. LUEDTKE,

    Plaintiff,

v.    Case No. 05-C-0489

UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

On, May 2, 2005, James D. Luedtke filed this motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Luedke was convicted in this court for bank robbery, brandishing a firearm during a crime of violence, possession of a firearm by a felon and two counts of making false statements to obtain a firearm on December 13, 2002, and sentenced to thirty-seven years in prison. He appealed, claiming that the trial court had erred in denying his motion to suppress evidence obtained as a result of a search of the apartment in which he was staying. The United States Court of Appeals rejected that claim and affirmed the conviction in an unpublished order. *United States v. Luedtke*, No. 04-1216 (7th Cir. March 10, 2005).

Luedtke now seeks to collaterally attack his conviction and sentence in a rambling twenty-eight page petition, much of which relates to the search of the apartment where he was staying. Luedtke also claims that he was denied a fair trial because he was unable to call necessary witnesses, the jury was informed he was on parole at the time of the search, the government was allowed to call a witness not previously disclosed, witnesses were allowed to maintain confidentiality concerning their current addresses, irrelevant evidence was admitted, the trial judge

was biased, and police tampered with and/or planted evidence. He claims he was denied his right to the effective assistance of counsel both at trial and on appeal, the jury included no minorities and was prejudiced against him (even though Luedtke is white), he was denied his right to a speedy trial, the discovery provided was censored and inadequate, he was sentenced under a faulty sentencing scheme, and the United States Court of Appeals for the Seventh Circuit was biased and denied him due process in affirming his conviction. Also accompanying his petition is a motion to proceed *in forma pauperis*, a motion for appointment of counsel and a motion to disqualify the court on the ground of judicial bias. I will address the last motion first.

Luedtke has filed a motion seeking my recusal from this matter pursuant to 28 U.S.C. §§ 144 and 455. Section 455 requires a judge to recuse himself when his presiding over the case would create the appearance of bias. 28 U.S.C. § 455(a)*; see also United States v. Troxell*, 887 F.2d 830, 833 (7th Cir. 1989). Section 144, alternatively, requires recusal only when there is actual bias. 28 U.S.C. § 144. In his motion for recusal or disqualification, Luedtke claims that my rulings in the course of the criminal proceeding against him demonstrate that I was biased and "took every opportunity to subvert the defense because petitioner was acting pro se and because the judge believed the petitioner is guilty when in fact, petitioner is actually innocent." (Motion for Recusal or Disqualification and Affidavit of Bias at 1.) Based on various rulings made in the course of his trial, Luedtke claims I am biased and should be precluded from further involvement in his case. (*Id.* at 2.)

The motion will be denied. "The disqualification of a judge for actual bias or prejudice is a serious matter, and it should be required only when the bias or prejudice is proved by compelling evidence." *United States v. Balistieri*, 779 F.2d 1191, 1202 (7th Cir. 1985). A federal judge must disqualify himself from a proceeding, "[w]here he has a personal bias or prejudice concerning a

2

party. . . ." 28 U.S.C. § 455(b)(1). However, I have no bias or prejudice concerning Mr. Luedtke. As far as I can recall, this is the first case involving him over which I presided. I have no recollection of having heard of him before he was charged in this matter. His argument that I am biased against him is based entirely on rulings I made on the record during the course of trial and pretrial proceedings in his criminal prosecution. It is well established that "unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification." *Hook v. McDade*, 89 F.3d 350 355 (7th Cir. 1996). Luedtke has alleged no exceptional circumstances.

Under either section cited by Luedtke, recusal is only necessary when the bias stems from an extrajudicial source. *See Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987); *see also Liteky v. United States*, 510 U.S. 540, 544 (1994). "The rule of law, [for § 144 and therefore § 455(a)], . . . is that what a judge learns in his judicial capacity -- whether by way of guilty pleas of codefendants or alleged coconspirators, or by way of pretrial proceedings, or both -- is a proper basis for judicial observations, and the use of such information is not the kind of matter that results in disqualification." *United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir. 1976). Under these circumstances, it would be improper to grant Luedtke's motion.

Luedtke has also moved to proceed *in forma pauperis*. Generally, in order to initiate an action in federal court, a filing fee must be paid or the litigant must be granted permission to proceed *in forma pauperis*. A § 2255 motion however, deviates from the norm. A filing fee is not required of a movant in a § 2255 proceeding. This is because a § 2255 proceeding is not viewed as an independent action but rather as a "continuation of the criminal case whose judgment is under attack." *See* 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings for the United States District Courts, Rule 3 Advisory Committee Notes. Accordingly, Luedtke's motion to proceed *in forma pauperis* is denied as moot.

I next proceed to a screening of Luedtke's petition to see if he states a claim upon which § 2255 relief could be granted. Pursuant to rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

Habeas corpus relief pursuant to 28 U.S.C. § 2255 is available if a prisoner can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir.), *cert. denied*, 116 S. Ct. 268 (1995). "Moreover, in addition to restraints on the types of issues that may be raised, the failure to raise issues on direct appeal bars a petitioner from raising them in a section 2255 proceeding unless he or she makes a showing of good cause for and prejudice from that failure." *Bischel v. United States,* 32 F.3d 259, 263 (7th Cir. 1994) (citations and internal quotation marks omitted). An argument that was not raised on direct appeal cannot first be presented on collateral review "'absent a showing of cause' for the failure to advance the argument sooner 'and some showing of actual prejudice resulting from the alleged constitutional violation.'" *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). A district court may not reach the merits of an appealable issue in a § 2255 proceeding unless the issue has been raised in a procedurally appropriate manner. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

As noted above, much of Luedtke's petition consists of a further challenge to the search of the apartment where he was living prior to his arrest. In the course of that search, police found

4

money stolen from the bank that had been robbed, pieces of the disguise worn by the perpetrator, and guns. Luedtke claimed prior to trial that the evidence seized by police should be suppressed because the initial entry by Wisconsin parole agents had been illegal. It was illegal, Luedtke argued, because his parole had expired by the time of the entry, and thus a valid warrant was needed. I conducted an evidentiary hearing on this issue before trial and denied Luedtke's motion on the ground that he was still on parole at the time of the search and thus no warrant was needed. *Griffin v. Wisconsin*, 483 U.S. 868 (1987). Alternatively, I concluded that Hillestad, the actual lessor of the apartment, had given valid consent for the entry and search and, for this reason too, the entry was lawful. In his § 2255 petition, Luedtke claims once again that he was not on parole at the time of the search, that Hillestad's consent was not valid and that the entry and search by the agents and later, after a warrant was obtained, by the police, were unconstitutional. He also challenges the "no knock" entry by the police and the validity of the warrant.

All of the claims relating to the entry and search of the apartment will be summarily dismissed. The plain fact is that Luedtke has already fully litigated his Fourth Amendment claim on appeal. He cannot simply continue to raise it after it has been clearly rejected. *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991). The Seventh Circuit thoroughly discussed and rejected Luedtke's claim that the evidence seized from the apartment should have been suppressed. Having found that the initial consent by Hillestad was valid, the Seventh Circuit had no need to address the question of whether Luedtke was still on parole at the time of the search. It is simply not relevant, given the finding of consent for the entry.

Even if the issue had not already been decided against him, Luedtke's Fourth Amendment claim would still fail on a § 2255 motion. The law is clear that "a violation of the Fourth Amendment cannot be a ground for habeas corpus (or for its equivalent for federal prisoners, . . .

5

-the grant of a section 2255 motion) unless the defendant could not have presented a Fourth Amendment defense at trial." *Owens v. United States*, 387 F.3d 607, 609 (7th Cir. 2004) (*citing Stone v. Powell*, 428 U.S. 465 (1976)). Here, Luedtke not only could present the issue at trial, he did present it. The issue has been decided and fully reviewed. Luedtke is not entitled to further review now.

Likewise, Luedtke's claim of ineffective assistance of trial counsel will be summarily dismissed. Luedtke elected to represent himself, even though he was strongly urged by the court not to do so. Attorney Kirk O'Bear acted as counsel initially, but after Luedtke's waiver of his right to counsel and insistence that he be allowed to represent himself, Attorney O'Bear's role was limited to that of stand-by counsel. Luedtke was specifically warned that by waiving his right to counsel, he would be also be waiving his right to the effective assistance of counsel. *See Peoples v. United States*, 403 F.3d 844, 849 (7th Cir. 2005) ("One who exercises the right of self-representation cannot contend that he received ineffective assistance of counsel."). He chose to do so anyhow, and has no one but himself to blame for the poor representation he received. In truth, however, given the weight of evidence against him, I conclude the result would have been the same even if he had been represented by counsel.

Luedtke's conclusory allegations of police misconduct, witness unavailability, bias and prejudice by the trial court, the jury and the Court of Appeals also fail to state claims upon which § 2255 relief could be granted. Luedtke fails to state what evidence was not introduced that would have had any impact on the result. His claim of ineffective assistance of appellate counsel lacks any specificity, as does his claim that the identification procedure was unduly suggestive. I note that the question of identification was never raised in the trial court and thus would be considered waived. And the fact that he was on parole at the time of the search was admitted into evidence

6

only after and because Luedtke had opened the door to that evidence by repeatedly suggesting the police had failed to follow proper procedure in conducting their initial search, despite the fact that it was parole agents, not police who conducted the initial search. In light of the overwhelming evidence against him, it would provide no basis for relief in any event.

In sum, I conclude that from the face of the petition, the attached exhibits, and the prior proceedings in this matter that Luedtke is not entitled to relief under § 2255. Accordingly, his petition will be summarily dismissed.

Lastly, Luedtke has filed a motion for appointment of counsel. He claims he lacks the financial resources to retain counsel on his own and that counsel's assistance is needed for him to establish his innocence of the crimes for which he is serving a sentence. Provided I am removed from the case, Luedtke claims he has some likelihood of success on the merits.

This motion will also be denied. A § 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Rauter v. United States*, 871 F.2d 693 (7th Cir.1989). Rule 8(c) of the Rules Governing § 2255 Proceedings requires that counsel be appointed for indigent prisoners if an evidentiary hearing is required, but here I have concluded that no evidentiary hearing is required. A district court also has discretion to appoint counsel for a person seeking § 2255 relief under 18 U.S.C. § 3006A. Under § 3006A, the district court should appoint counsel for persons who are financially eligible "if the interests of justice so require." In deciding whether to appoint under § 3006A, the court should consider:

> (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint.

*Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

Based on what I have already said about Luedtke's claims, it follows that this is not a case where counsel should be appointed. He has failed to state any colorable claims, and there is no reason to believe that counsel would find any claims with merit on which to continue. I also note that Luedtke is an experienced litigator and has frequently represented himself in both federal and state proceedings. The legal issues are not exceptionally complex, and there is no reason to believe that outside investigation is required. Thus, even if I were not summarily dismissing his petition for § 2255 relief, I would not appoint counsel under the circumstances of this case.

**IT IS THEREFORE ORDERED** that Luedtke's motion for my recusal or disqualification is **DENIED**.

**IT IS FURTHER ORDERED** that Luedtke's motion to proceed *in forma pauperis* is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Luedtke's motion for post-conviction relief under 28 U.S.C. § 2255 is summarily **DENIED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Luedtke's motion for the appointment of counsel is **DENIED**.

Dated this   23rd   day of May, 2005.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge