# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                        Case No. 05-C-489

JAMES D. LUEDTKE,

        Defendant.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Following his trial in this court in December, 2002, James D. Luedtke was found guilty by a jury of bank robbery, brandishing a firearm during a crime of violence, possession of a firearm by a felon and two counts of making false statements to obtain a firearm. He was sentenced to thirty-seven years in prison and appealed. I summarily denied Luedtke's motion for post-conviction relief, as well as his accompanying motions that I disqualify myself, for appointment of counsel, and to proceed *in forma pauperis*. He now seeks a certificate of appealability, claiming that reasonable jurists could debate whether the petition should have been resolved in a different manner. He also claims the issues presented are adequate to deserve encouragement to proceed further and that the dismissal was arbitrary and capricious.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

In support of defendant's application for a certificate of appealability, Luedtke has essentially repeated all of the gounds asserted in his initial petition for post-conviction relief. Each of those claims was addressed in my previous decision. Nothing Luedtke now adds leads me to conclude that I erred in summarily denying his motion for post-conviction relief. Accordingly, I find no claim that deserves encouragement to proceed further and do not believe that reasonable jurists would disagree. The application for a certificate of appealability is therefore denied.

**SO ORDERED**.

Dated this   28th   day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge